IN THE MATTER OF THE APPLICATION OF W. A. MAULSBY,
    a registered pharmacist, for a Permit to Buy, Sell and
    Keep Intoxicating Liquors.

Intoxicating liquors: DRUGGISTS' PERMITS. The statute requiring
    that before a permit to sell intoxicating liquor will issue a
    pharmacist shall show he has lawfully conducted a pharmacy
    for six months previous, has relation only to the observance of
    law with respect to keeping and selling intoxicants, and does
    not comprehend an unlawful sale of cigars, ice cream, soda
    water and other articles of general merchandise.

*Appeal from Madison District Court.*—HON. EDMUND
            NICHOLS, Judge.

THURSDAY, OCTOBER 24, 1907.

THE opinion states the case.— *Affirmed.*

*W. S. Cooper,* for appellants.

*Wilkinson, Smith & Wilkinson,* for appellee.

SHERWIN, J.—When this application was heard, and
for more than six months prior thereto, Mr. Maulsby was
and had been lawfully conducting a pharmacy, unless the
sale of cigars, ice cream, and soda water on Sunday were
such acts as rendered his conduct of the pharmacy unlaw-
ful under section 2387 of the Code. This section provides
that, before a permit for the keeping and sale of intoxicating
liquors shall issue, the applicant therefor shall allege and
prove that at that time " and for the six months last past
he has been lawfully conducting a pharmacy in the town-
ship, town or city wherein he proposes to engage in the
business under the permit applied for," etc. It is conceded
by the appellant herein that he had theretofore sold cigars,

ice cream, and soda water in his pharmacy on Sunday, and the appellants contend that such sales were in violation of section 5040 of the Code, which prohibits the purchase or sale of any kind of property on the Sabbath, and because thereof the applicant had not been lawfully conducting his pharmacy. Whether such sales constitute the unlawful acts contemplated by section 2387 is the only question before us in this action.

It may be conceded that such sales were unlawful under section 5040. But the sale of cigars, ice cream, and soda water constitutes no part of the pharmacy business, and the evident intent of section 2387 is to require proof that there has been no violation of the statutes regulating such business, and nothing more. The primary intent of the statute is to require proof that there has been no violation of the prohibitory liquor law. This we think must be so for the reason that it is there the only subject under consideration. But if its intent and meaning be so enlarged as to include all strictly pharmaceutical business, it cannot be said that the acts complained of fall within its scope. "Pharmacy" is ordinarily defined as the business of compounding and dealing in drugs and medicines. This definition has been somewhat enlarged by various statutory enactments, it is true, and it now covers many things not ordinarily classed as drugs and medicines. But nowhere is there brought within its intendment the articles of general commerce conceded to have been sold by Mr. Maulsby. The regulation of pharmacy as an occupation or business in its relation to the public is the purpose of legislation thereon, and we do not think the sales complained of can in any sense be said to be connected with or part of the business contemplated by the section of the statute under consideration.

There was therefore no error in granting the permit.— *Affirmed.*